IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARTIS PROPERTY CASUALTY
COMPANY,

        Plaintiff,

v.                                    Civil Action No. 5:11CV110
                                                    (STAMP)

JAMES G. BORDAS, JR. and
LINDA M. BORDAS,

        Defendants.


**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' MOTION TO DISMISS
AND GRANTING PLAINTIFF'S MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT**

I.  Background

The above-styled declaratory judgment action arises out of a claim for coverage by the defendants, James and Linda Bordas ("the Bordases"), which was made to Chartis Property Casualty Company ("CPCC") under the Bordases' Homeowners Insurance Policy[1] and Excess Liability Policy[2] ("the Bordas policies").  The Bordas policies were issued by American International Insurance Company ("American International") in August of 2008.  Haynie Aff. ¶ 6.  On July 1, 2009, American International was sold to the Farmers Group, Inc. ("Farmers").  Id. at ¶ 7.  However, the Bordas policies were not included in this sale.  Id.  Pursuant to an agreement with Farmers, certain claims arising under certain American

_____

[1]Policy No. PCG 0005391825.

[2]Policy No. PCG 0002017514.

International policies, such as the Bordas policies, were to be handled by National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), acting as the administrative agent for American International.   Id. at ¶ 8.   National Union and CPCC are both direct subsidiaries of Chartis, U.S., Inc.   Id. at ¶ 9.

In August 2010, CPCC became the insurer for the renewed Bordas policies, which continue in effect today.   Id. at ¶ 10.   In May 2011, the Bordases, through their broker, made a claim for coverage to CPCC, including defense and indemnification for the counterclaims asserted against them in a Financial Industry Regulatory Authority ("FINRA") arbitration action.[3]   Id. at ¶ 11. At this time, it is unclear when exactly the alleged conduct that gave rise to the counterclaims against the Bordases and their request for coverage under their policies of insurance occurred. Thus, it is currently unknown whether the claims at issue for which the Bordases seek coverage arise out of conduct which occurred during the American International policy period, or the CPCC policy period.   Id. at ¶ 12.

---

[3]In this ongoing arbitration proceeding, the Bordases allege that Wells Fargo Advisors, LLC ("Wells Fargo") and its agent, Ernest Coffindaffer, mishandled their personal investment portfolio from 2003 until 2007.   FINRA Dispute Resolution Action, No. 11-00484.   In their answer, affirmative defenses, and counterclaims, Coffindaffer and Wells Fargo expressly dispute the Bordases' allegations, and also assert that the Bordases attempted to tarnish the reputation of both Wells Fargo and Coffindaffer.

The Bordases filed a motion to dismiss, in which they argue that it is clear from the complaint that they did not purchase the policies at issue from CPCC.  Rather, according to the defendants, both policies were issued by American International.[4]  Because the Bordases did not purchase their policies from CPCC, they argue that the complaint fails to state a claim against them upon which relief can be granted and should be dismissed.

CPCC then filed a response in opposition to the motion to dismiss and motion for leave to file an amended complaint.[5]  In this response, CPCC first argues that it is a proper plaintiff because it provided coverage to the Bordases during the time in which the conduct giving rise to the counterclaims might have occurred.  Second, CPCC argues that this Court should deny the motion to dismiss as moot and grant the plaintiff leave to amend its complaint in order to add National Union -- the administrative agent of American International -- as a plaintiff.

Subsequently, the Bordases filed a reply in support of their motion to dismiss and in opposition to the motion for leave to file an amended complaint.  In their reply, the defendants assert that

---

[4]The defendants point to the declarations page of both policies, which identify American International as the "issuing company."  Compl. Ex. 2 at BOR 2; Ex. 3 at BOR 74.

[5]In accordance with Local Rule of Civil Procedure 15.01, the plaintiff attached its proposed first amended complaint for declaratory relief to the motion for leave to file an amended complaint.

CPCC has admitted that the Bordas policies were issued by American International.  Further, the defendants argue that because National Union is merely an administrative agent of American International, the joinder of National Union as a plaintiff in this action would be meaningless.

Lastly, the plaintiff filed a reply in support of its motion for leave to file an amended complaint, with a second proposed amended complaint attached.  In this reply, CPCC concedes that American International, n/k/a 21st Century North America Insurance Company ("AIIC"), is also a proper plaintiff as it issued the policies in question.  Also, in light of the defendants' objections in their response, CPCC requests leave to amend its complaint to add AIIC, acting by and through its administrative agent, National Union, as a plaintiff in this case.  The motion to dismiss and the motion for leave to file an amended complaint are currently pending before this Court.  For the reasons set forth below, this Court finds that the motion to dismiss must be denied and the plaintiff's motion for leave to file an amended complaint must be granted.

## II.   Applicable Law

A.   Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true.  Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d

250, 255 (4th Cir. 2009).  However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes."  Id. (citing Ashcroft v. Iqbal, 556 U.S. 677, 678 (2009)).  This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments."  Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case.  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 2004).  The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.  Id.  For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'"

Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Facial
plausibility is established once the factual content of a complaint
'allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged.'"  Nemet Chevrolet,
591 F.3d at 256 (quoting Iqbal, 556 U.S. at 678).  Detailed factual
allegations are not required, but the facts alleged must be
sufficient "to raise a right to relief above the speculative
level."  Twombly, 550 U.S. at 555.

B.   Motion to Amend Complaint

      Rule 15(a) of the Federal Rules of Civil Procedure grants this
Court broad discretion concerning motions for leave to amend
pleadings.  See Keller v. Prince George's Cnty., 923 F.2d 30, 33
(4th Cir. 1991) ("Motions to amend are committed to the discretion
of the trial court."); Fed. R. Civ. P. 15(a).  Rule 15 states, in
pertinent part, that "[a] party may amend its pleading once as a
matter of course within . . . 21 days after serving it, or . . . 21
days after service of . . . a motion under Rule 12(b)."  Fed. R.
Civ. P. 15(a)(1).  If a party seeks to amend its pleadings in all
other cases, it may only do so "with the opposing party's written
consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The
court should freely give leave when justice so requires."  Id.

      Further, leave to amend should be granted absent some reason
"such as undue delay, bad faith or dilatory motive on the part of

6

the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue

of allowance of the amendment, [or] futility of the amendment."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv.

v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987);

Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

### III.   Discussion

A.   Motion to Dismiss

In their motion to dismiss, the Bordases argue that both of

their policies were issued by American International and that the

policies were not purchased from CPCC.  This Court notes that the

defendants' memorandum in support of the motion to dismiss cites no

case law or statutes, and only briefly references the language of

Rule 12(b)(6) of the Federal Rules of Civil Procedure.  As the

plaintiff states, it is unclear from the motion to dismiss whether

the defendants' argument is based upon a claim that CPCC is not a

real party in interest, or that CPCC lacks standing to seek a

declaratory judgment.

Rule 17 of the Federal Rules of Civil Procedure states, in

pertinent part:

> The court may not dismiss an action for failure to
> prosecute in the name of the real party in interest
> until, after an objection, a reasonable time has been
> allowed for the real party in interest to ratify, join,
> or be substituted into the action.  After ratification,
> joinder, or substitution, the action proceeds as if it
> had been originally commenced by the real party in
> interest.

Fed. R. Civ. P. 17(a)(3).  Assuming that the defendants' motion to dismiss is founded upon the argument that CPCC is not a real party in interest, this Court finds that under Rule 17, it must allow the plaintiff reasonable time to ratify, join, or substitute the real party in interest into this action.  Therefore, this Court cannot simply dismiss the case as the defendants request.

Alternatively, if the defendants' motion to dismiss is based upon the argument that CPCC lacks standing to bring this declaratory judgment action, it does not change the result that the motion to dismiss must be denied.  The Bordases made their claim for coverage to CPCC, their current insurer.  Haynie Aff. at ¶ 11. Believing coverage does not exist under the terms of the Bordas policies, and not knowing whether the "occurrences" which serve as the basis for the counterclaims against the Bordases and their claim for coverage took place within the CPCC policy period, CPCC properly brought this declaratory judgment action.  The complaint alleges enough facts to suggest that CPCC could be responsible for coverage, should this Court find that coverage exists.  Until these issues are resolved through discovery, CPCC is a proper plaintiff in this action, and the motion to dismiss must be denied.

B.   Motion to Amend Complaint

In its motion for leave to file an amended complaint, CPCC argues that this Court should allow it to amend its complaint to add National Union as a plaintiff.  CPCC claims that National Union

is a proper plaintiff because it has authority to act as the administrative agent for American International, the insurer for the 2008 and 2009 Bordas policies.  According to CPCC, the defendants will suffer no prejudice if this Court allows it to amend its complaint.  Instead, with the addition of National Union, CPCC argues that this Court will be able to decide this case upon the merits.  Significantly, CPCC admits that it appears that at least some conduct which is the basis for the counterclaims against the Bordases took place during the time period when American International was the insurer.

In response to the motion for leave to file an amended complaint, the defendants assert that the addition of National Union as a plaintiff is insufficient because National Union is not a party to the policies in question, it is simply an agent of the insurer.  In its reply, CPCC concedes that AIIC is a proper plaintiff because it issued the Bordas policies, which may or may not provide coverage for the defendants' claims.  While the Bordas policies were issued by AIIC, the plaintiff contends that it is National Union who will bear the ultimate responsibility for providing coverage and administering the defendants' claims, should this Court find that such coverage exists.  Thus, the amended complaint attached to its reply (the second proposed amended complaint), adds "American International Insurance Company n/k/a 21st Century North America Insurance Company, acting by and through

its Administrative Agent, National Union Fire Insurance Company" as a plaintiff.

This Court finds no undue delay, bad faith, or dilatory motive on the part of the plaintiff in filing its motion for leave to amend. This action was only recently initiated, and in fact, a scheduling order has not yet been entered in this case. The defendants have not alleged that they will suffer any actual prejudice as a result of an amendment to the complaint. As the plaintiff has represented to this Court, either CPCC or National Union will be responsible for providing coverage to the defendants if this Court finds that such coverage exists. The key inquiry is during which policy period the claims arose, as the answer to this question will determine the responsible entity. The addition of AIIC and its administrative agent, National Union, will enable this Court to make a judicial determination of coverage based on the merits of the case. See also Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). Therefore, this Court grants the plaintiff's motion for leave to file an amended complaint.

## IV.   Conclusion

For the reasons stated above, the defendants' motion to dismiss (ECF No. 15) is DENIED and the plaintiff's motion for leave to file an amended complaint (ECF No. 20) is GRANTED. The Clerk is DIRECTED to file the plaintiffs' first amended complaint for

declaratory relief.   (ECF No. 23-1.)[6]   The plaintiff is further DIRECTED to serve its first amended complaint for declaratory relief pursuant to Rule 4 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     August 6, 2012


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[6]The plaintiff has submitted two proposed first amended complaints to this Court.  However, only the second one is to be filed as the first amended complaint.